UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TEXTRON FINANCIAL CORPORATION,

        Plaintiff,

v.

SPA WAREHOUSE OF
ZANESVILLE, INC., et al.,

        Defendants.

Case No. 2:08-cv-64
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Summary Judgment (Doc. # 19.) For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

### I. Background

On February 2, 2004, Plaintiff, Textron Financial Corporation ("Plaintiff"), agreed to finance Defendant Spa Warehouse of Zanesville, Inc.'s ("Spa Warehouse") acquisition of inventory ("the collateral") for sale in the ordinary course of Spa Warehouse's business pursuant to a wholesale security agreement ("the Agreement"). Defendant agreed to repay Plaintiff the original invoice cost of each item of the collateral and to pay interest and other charges related to the loan. On February 12, 2004, Defendant Brian L. Longstreth executed a personal guarantee for all of Spa Warehouse's payments, performance of all indebtedness, obligations, and liabilities.

On December 14, 2007, Plaintiff notified Spa Warehouse that it had defaulted under the terms of the Agreement by failing to make the required payments totaling $101,492.50. In

addition, Plaintiff notified Longstreth of Spa Warehouse's default.

On January 22, 2008, Plaintiff filed suit against Defendants claiming a breach of contract and monetary damages. (Doc. # 1.) Plaintiff alleges that Defendants breached their contract when Defendants failed to make required payments to Plaintiff under the Agreement. Plaintiff asserts that as of May 14, 2008, there is an amount of $117,314.12 due pursuant to the Agreement, consisting of $98,797.00 in principal, $4,056.16 in interest, $2,434.72 in audit fees, and $12,026.24 in legal fees and expenses. On May 15, 2008, Plaintiff moved for summary judgment. (Doc. # 19.)

Defendants neither responded in opposition to Plaintiff's motion nor requested additional time in which to respond. Because the briefing deadline has passed, no additional briefs can be filed. The Court therefore elects to decide the summary judgment motion in advance of the July 3, 2008 non-oral hearing date.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate when the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. Rule. Civ. P. 56(c). In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *See Muncie Power Products, Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict

2

for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

However, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claims." *Id.* (citing *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*; Fed. R. Civ. P. 56(c).

### B. Analysis

The Sixth Circuit has explained that "[t]o establish a breach of contract claim in Ohio, a plaintiff must prove, by a preponderance of the evidence, 'the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.' " *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (quoting *Jarupan v. Hanna*, 173 Ohio App.3d 284, 878 N.E.2d 66, 73 (2007)). *See also Whittle v. P&G*, No. 1:06-cv-744, 2007 U.S. Dist. LEXIS 87216, at *11-12 (S.D. Ohio Nov. 27, 2007) (citing *American Sales, Inc. v. Boffo*, 71 Ohio App.3d 168, 175, 593 N.E.2d 316, 321 (2d Dist. 1991)).

Plaintiff has established the foregoing elements. Plaintiff has attached a copy of the Agreement as "Exhibit C" to its motion for summary judgment. The Agreement sets forth the obligations of both parties and was signed by both Plaintiff and Spa Warehouse. Plaintiff was to finance Spa Warehouse in acquisition of the collateral and Spa Warehouse was to repay Plaintiff the original invoice cost of each item of the collateral, as well as interest and other charges

related to the loan. (Doc. # 19-5, Ex. C, ¶¶ 2-3.) In addition, Plaintiff has attached a copy of the guaranty executed by Longstreth that states he will become personally responsible for all payments and performances of Spa Warehouse if not completed by Spa Warehouse. (Doc. # 19-7, Ex. E, ¶1.)

The unchallenged affidavit of Wade B. Haddad, Plaintiff's account manager, indicates that Plaintiff has performed its obligations under the Agreement by financing Spa Warehouse's acquisition of the collateral. (Doc. # 19-3, Haddad Aff.) Plaintiff financed Spa Warehouse's acquisition of the collateral leading to Spa Warehouse having in its possession as of December 14, 2007 at least nine (9) spas. (Doc. # 19-3, Haddad Aff. ¶ 13.) Also, Plaintiff alleges Defendants failed to repay it for at least seventeen (17) other spas that Spa Warehouse has sold. (*Id.*) The undisputed evidence therefore demonstrates that Defendants breached their contractual obligations by failing to repay Plaintiff. Defendants neither offer any evidence to create a genuine issue of material fact as to whether they have paid Plaintiff nor any argument as to why they are not liable for breach of contract.

The evidence also shows that Plaintiff has incurred damages in the amount of $117,314.12 as of May 14, 2008. (Doc. # 19-3, Haddad Aff. ¶ 19.) This amount consists of $98,797.00 in principal, $4,056.16 in interest, $2,434.72 in audit fees, and $12,026.24 in legal fees and expenses. (*Id.*) Again, Defendants do not offer evidence or argument contrary to Plaintiff's position.

Both parties made promises under the Agreement to act as consideration. Plaintiff promised to finance Defendants and Defendants promised to repay Plaintiff. (Exhibit C, ¶¶ 2-3.)

4

Plaintiff has financed Spa Warehouse from February 2004 to December 2007 pursuant to the Agreement. Plaintiff's financial support was in consideration of getting repaid by Defendants. Both Spa Warehouse and Longstreth have failed to repay Plaintiff. (Doc. # 19-3, Haddad Aff. ¶¶ 20-21.) Accordingly, the undisputed facts demonstrate that Plaintiff is entitled to summary judgment.

### III. Conclusion

The Court **GRANTS** Plaintiff's motion for summary judgment (Doc. # 19) and **DIRECTS** the Clerk to enter judgment in favor of Plaintiff in the amount of $117,314.12, plus ongoing interest, attorney fees, and expenses.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE